IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-141-JJF |
| | : | |
| RAHEEM JACKSON, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant, Raheem Jackson, by and through his undersigned counsel, Eleni Kousoulis, Assistant Federal Public Defender for the District of Delaware, submits the following Sentencing Memorandum in support of his April 18, 2008 sentencing hearing. For the reasons set forth below, Mr. Jackson respectfully requests a variance below the Sentencing Guidelines range, and respectfully requests that the Court sentence him to 36 months, followed by a period of supervised release. Such a sentence would be sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

**I. FACTUAL BACKGROUND**

On October 23, 2007, the Grand Jury for the District of Delaware returned a Three-Count Indictment against Mr. Jackson, charging him with: (1) possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g); (2) possession of ammunition by a person prohibited, in violation of 18 U.S.C. § 922(g); and (3) possession of a short-barreled shotgun, in violation of 26 U.S.C. §§ 5861(d) and 5871.

On January 11, 2007, Mr. Jackson entered a guilty plea to Count I of the Indictment, charging him with possession of a firearm by a prohibited person. Mr. Jackson's personal history and background are fairly set forth in his Presentence Report (PSR), and will not be extensively recounted here.

Mr. Jackson realizes he was wrong to possess the shotgun in this case knowing he was prohibited from doing so. Mr. Jackson never intended to use the gun for any illegal purpose. He understands that the fact he did not possess the gun for any illegal purpose does not excuse his behavior. He wishes the Court to know that he acknowledges he was wrong to have the gun for any purpose, and that in the future he will never possess any type of firearm for any reason.

Mr. Jackson is eager to put this incident behind him and to start fresh. On the present case, Mr. Jackson has made productive use of his time while incarcerated at Salem County Correctional Facility. Currently he is in the process of obtaining his GED, participates in Alcoholics Anonymous classes, motivational and Bible study classes, and also works on the clean-up crew at Salem. Prior to his incarceration in this case, Mr. Jackson was working with his father at Diamond Cut Lawn Service, a landscaping business. Once he is released from custody, Mr. Jackson plans to continue working with his father in this landscaping business. Mr. Jackson's goal is to further his education beyond his GED and to attend agricultural classes to assist him and his father in the landscaping business.

## II. GUIDELINES CALCULATION

As calculated by his PSR, Mr. Jackson has a total offense level of 21 and is in Criminal History Category II. The corresponding Guidelines range is 41 to 51 months.

### III. DISCUSSION

After the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005) rendered the Sentencing Guidelines advisory, district courts must treat the Guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. § 3553(a). This Court, after considering all relevant Section 3553(a) factors, should impose a sentence that represents a variance below the Sentencing Guidelines range, and Mr. Jackson respectfully requests that the Court sentence him to 36 months, followed by a period of supervised release. Such a sentence would not be inconsistent with Booker and the Supreme Court's subsequent sentencing decisions. See e.g., Kimbrough v. United States, 128 S.Ct. 558 (2007); Gall v. United States, 128 S.Ct. 586 (2007).

The § 3553(a) factors require the Court to consider, *inter alia*, the nature and circumstances of the offense and the defendant's history and characteristics, punishment, the seriousness of the offense and the necessity of deterrence to criminal conduct, and the need to provide a defendant with needed educational or vocational training in the most effective manner. Id.

Mr. Jackson is committed to living a changed life and to leaving his criminal activity behind. All of Mr. Jackson's prior cases involve the use of alcohol, and it appears that Mr. Jackson's problems with alcohol contributed to his prior criminal conduct. As part of the sentence on his last case, which was for Driving Under the Influence, Mr. Jackson completed an alcohol program. Since that time, Mr. Jackson has kept his alcohol use under control. In an effort to insure that he maintains his sobriety, Mr. Jackson is currently voluntarily participating in Alcoholics Anonymous classes during his incarceration on the present case. With his alcohol use under control, Mr. Jackson will not represent a danger to the community, and an extensive period of incarceration beyond 36 months is not necessary to protect the public or to deter Mr. Jackson from committing crimes in the future.

With regard to punishment, a sentence of 36 months will serve to punish Mr. Jackson. Prior to his incarceration in the present case, the most time Mr. Jackson has spent in custody was 12 days. Thirty-six months represents a significant amount of time for someone who has never spent more than 12 days in jail.

Mr. Jackson has accepted responsibility for the instant offense and recognizes that there was no excuse for his possession of the gun in this case. Acceptance of responsibility is the first step toward rehabilitation. During his present incarceration at Salem, Mr. Jackson has learned a great deal from the present experience and has made productive use of his time. On his own conation, Mr. Jackson made the decision to work toward obtaining his GED and to participate in other self-improvement classes. Furthermore, Mr. Jackson has used the time he has already spent incarcerated in this case to think about his future and the direction he wants his life to take. He has set short-term and long-term goals for himself, some of which include furthering his education, maintaining sobriety, and working hard to make the landscaping business he operates with his father a success.

The sentence requested by Mr. Jackson will reflect the goals of sentencing set forth in Section 3553(a)(2), by reflecting the nature and seriousness of the offense, providing deterrence to future conduct, and allowing Mr. Jackson the opportunity to turn his life around and prove to not only the Court and society, but also to himself, that he has what it takes to be a productive, law-abiding citizen. Mr. Jackson has demonstrated that he has the ability to be a contributing member to society, as is evidenced by his steady employment over the past six years. Mr. Jackson's parents remain very supportive of him, as reflected in their comments in the PSR, and their continued support will assist Mr. Jackson in staying on the right track once he is released from custody.

## IV. CONCLUSION

For all of the above stated reasons, and any other reasons that this Court may find, Mr. Jackson respectfully requests that the Court sentence him to 36 months, followed by a period of supervised release. Such a sentence would be sufficient, but not greater than necessary, to comply with the purposes of punishment: retribution, deterrence, incapacitation and rehabilitation.

                                                                    Respectfully submitted,

                                                                    /s/ *Eleni Kousoulis*
                                                           Eleni Kousoulis, Esquire
                                                          Assistant Federal Public Defender

                                                          Attorney for Defendant Raheem Jackson

Federal Public Defender's Office
District of Delaware
704 King Street, Suite 110
Wilmington, Delaware 19801
(302) 573-6010
ecf_de@msn.com

Dated: April 3, 2008